# KIRKLAND & ELLIS LLP

Dale M. Cendali, P.C.
To Call Writer Directly:
+1 212 446 4846
dale.cendali@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

August 28, 2026

**VIA CM/ECF**

Hon. Andrew L. Carter, Jr.
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re: *In re DCMA Subpoena to Discord, Inc*., No. 1:26-mc-422

Dear Judge Carter:

Pursuant to Section 6 of the Electronic Case Filing Rules & Instructions, Petitioner Take-Two Interactive Software, Inc. ("Take-Two") respectfully submits this letter motion for leave to file under seal Attachment A to Take-Two's proposed DMCA Subpoena to Discord, Inc. (the "Subpoena Attachment").

Take-Two is requesting a subpoena be issued to Discord, Inc. pursuant to the Digital Millennium Copyright Act, 17 U.S.C. § 512(h) for information to help Take-Two identify online infringers. As part of that request, and as required by 17 § U.S.C. § 512(h), Take-Two is submitting its proposed DMCA Subpoena, which includes the Subpoena Attachment listing Take-Two's narrowly tailored and specific document requests. Take-Two seeks only to seal the Subpoena Attachment, not any other portion of its request or the Subpoena.

Despite any "qualified First Amendment right of access to certain judicial documents," a document "may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Under *Lugosch*, courts employ "a three-step test for determining whether the presumption of public access is overcome," which includes: (1) "determin[ing] whether the documents are 'judicial documents' that are 'useful in the judicial process'"; (2) "if the documents are judicial documents, . . . determin[ing] the 'weight' of the presumption of public access"; and (3) balancing the "'competing considerations against [the presumption of access],' including 'privacy interests of those resisting disclosure.'" *CRC Ins. Servs., Inc. v. Suh*, 2025 WL 560749, at *1 (S.D.N.Y. Feb. 19, 2025) (quoting *Lugosch*, 435 F.3d at 119–20).

If a document is not a "judicial document," then there is no presumed right of public access (steps two and three of the above are not required) and the document is subject to public access only "absent a countervailing reason." *BAT LLC v. TD Bank, N.A.*, 2019 WL 13236131, at *8 (E.D.N.Y. Sept. 24, 2019), *objections overruled*, 2019 WL 13257498 (E.D.N.Y. Nov. 20, 2019); see *Kewazinga Corp. v. Google LLC*, 2024 WL 3442428, at *1 (S.D.N.Y. July 17, 2024) ("The first question is whether the document is 'a judicial document subject to the [presumed] right of public access,' meaning that the document is 'relevant to the performance of the judicial function and useful in the judicial process.' The second step, if the presumption attaches, is to determine the weight of the presumption by assessing 'the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'") (quoting *Lugosch*, 435 F.3d at 119) (internal citations omitted); *CRC Ins. Servs.,* 2025 WL 560749 at *1 (same); *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007) (same).

Importantly, materials submitted in connection with a motion for discovery are "not judicial documents" subject to the presumption of public access. *Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152, 163 (S.D.N.Y. 2003) (stating "[m]aterials submitted to a court for its consideration of a discovery motion . . . are not subject to the public's right of access"). Thus, when such documents are the subject of a request to seal, courts are not required to undertake steps 2 and 3 of the *Lugosch* analysis. *Id.*

But, even if the entire 3-step analysis is required for the Subpoena Attachment, the weight of the presumption in favor of public access (step 2) is low. The "weight" of any presumption of public access is determined by reference to "the role of the material at issue in the exercise of . . .judicial power and the resultant value of such information to those monitoring the federal courts." *CRC Ins. Servs.,* 2025 WL 560749 at *1. "Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). Where material supporting resolution of a request for discovery is at issue, as here, courts generally find the presumption of public access is "low." *Stern*, 529 F. Supp. 2d at 422 ("[E]ven if the transcript is filed for purposes of a motion to compel, the presumption that would attach to the transcript would be low."); *Alexander Interactive, Inc. v. Adorama, Inc.*, 2014 WL 4346174 at *2 (S.D.N.Y. Sept. 2, 2014) (finding "presumption in favor of public access is weak" in connection with a "mere[] . . . motion to compel").

The Subpoena Attachment is part of a request for information or discovery and is thus not subject to the presumption of public access. But even if it were subject to such a presumption, the presumption would be easily overcome by countervailing interests here. The Subpoena Attachment reveals highly sensitive, confidential information about an ongoing investigation into copyright infringement and the misappropriation of Take-Two's confidential information. Courts

have permitted sealing in similar circumstances. *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (sealing "enforcement policies and investigation information" in a judicial document). Public disclosure of this information could compromise Take-Two's ongoing investigation and even tip off the alleged infringers as to the nature and progress of Take-Two's investigation and information Take-Two has gathered about the infringement, creating a substantial risk that the infringers will delete, destroy, or otherwise conceal evidence of their infringing activities, and/or take further steps to evade identification.

The Subpoena Attachment is properly sealed under *Lugosch*, as specific factual findings support sealing and the request to seal is narrowly tailored. Accordingly, Take-Two respectfully requests leave to file its Subpoena Attachment under seal.

Sincerely,

Dale M. Cendali

Dale M. Cendali, P.C.